# NO. 12-09-00148-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON JEROD WOODS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Jason Jerod Woods appeals his conviction for aggravated assault. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We dismiss the appeal.

### BACKGROUND

A Smith County grand jury charged Appellant with two counts of aggravated assault as first degree felonies. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(C) (Vernon Supp. 2009).[1] The grand jury also alleged that he used or exhibited a deadly weapon in the course of committing the offense. Appellant waived trial by jury and pleaded not guilty. The trial court conducted a trial and found Appellant guilty of aggravated assault as a second degree felony, a

---

[1] The indictment alleged that Appellant assaulted the victim because she had reported the occurrence of a crime or because she was a witness or potential witness. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(C).

lesser included offense.[2]   The trial court assessed punishment at imprisonment for seventeen years and a fine of $2,000.  This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.  Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.  *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Appellant argues in his pro se brief that his conviction violates his constitutional protection against double jeopardy, that he received ineffective assistance of counsel, and that a witness committed perjury.  We have found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.  *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant's counsel that the appeal is wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal.  *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant

---

[2] The trial court found all of the elements of aggravated assault as a second degree felony but did not find that Appellant assaulted the victim because she reported a crime or was a witness or potential witness.

wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)